CIRELLO v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. NEGLIGENCE—INJURIES—EVIDENCE—PHOTOGRAPH.
    Where, in an action for injuries, they were capable of verbal description, it was error to admit a photograph thereof.

Appeal from City Court of New York, Trial Term.

Action by Tony Cirello against the Metropolitan Express Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Ralph G. Miller, for appellant.
Ernest M. Welch, for respondent.

SCOTT, J. It is difficult to escape the conclusion that this is a manufactured case, so far as concerns fixing the liability for the accident upon defendant. The witnesses for the plaintiff agree only in the constant reiteration that it was a yellow wagon which upset the tar, and that it bore the words "Metropolitan Express Company." Some of the evidence introduced to explain how the witnesses are so sure of the name is so improbable as to overreach itself. For instance, the banker to whom an express package was delivered said that he looked out of the window to see if the wagon bore the same name as was printed upon the receipt given him to sign. Why he should be interested in that question does not appear. Another witness, who can neither read nor write English, is sure that the words "Metropolitan Express Company" were on the wagon, because "in Italian it is the same thing, 'Metropolitan Express Company' "—a palpable falsehood. The weight of the credible evidence certainly was to the effect that it was not one of defendant's wagons that upset the tar. There was no justifiable reason for the introduction of the photograph. The injuries were perfectly capable of verbal description. The only reason for offering the photograph must have been to inflame the sympathies of the jury. The verdict should have been set aside, and the cause submitted to another jury.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.